7463

DR. GEORGE W. LUCAS
         Appellee,

   versus

J. J. HARRIS, et al.,
         Appellants.

No. 7463,

COURT OF APPEAL.

------------oOoOoO------------

7463

O P I N I O N

Max Dinkelspiel, Judge.


This cause was tried before me on the following stipulation of facts:

"That the injury for which the plaintiff, Dr. George W. Lucas, treated the defendant, J. J. Harris, was sustained by the said Harris, November 8th, 1917, while he was in the employ of Southern Rice Milling Co., co-defendant; on the premises of the said company, & was taken by defendant's employees to a hospital.
"That the Louisiana Workmen's Compensation Act (20 of 1914, amended by 243 of 1916) is applicable to the relation of master and servant then existing between Southern Rice Milling Co. and J. J. Harris;
"That from the hospital the employee, Harris, went to his home and his wife summoned Dr. Lucas; that Lucas took charge of the case, rendered treatment, and continued treating the said Harris until the employer, Southern Rice Milling Co., was apprised thereof, whereupon, and with the consent of plaintiff who admitted that Harris required additional medical treatment, the said Harris was placed by said Rice Milling Co. under the treatment of its regularly employed surgeon and an orthopedist;
"That the Southern Rice Milling Co., or its agents, did not authorize plaintiff to treat Harris; that it did not ratify his actions, and that plaintiff did not know Southern Rice Milling Co. in the matter;
"That the amount plaintiff sues for is not disputed;
"That the employer, Southern Rice Milling Co., paid unto the employee, Harris, weekly compensation until $120.00, had been so paid and thereupon, namely, on April 20, 1918, commuted all additional weekly payments into a cash settlement of $500.00."


The question presented is res nova, and there are no decisions of the Supreme Court or the Court of Appeal on the legal questions presented. It arises under the Act of 1914, amended in 1916, known as the Workmen's Compensation Law.

The first exception presented by defendant is an exception of no cause of action, as against the Southern Rice Milling Company, and that, in my opinion, is decisive of the case. The other defendant, the workman, Harris, confessed judgment, and therefore the only one in contest now is the Southern Rice Milling Company.

The act of 1914, No. 20, section 5, provides:

> "During the first two weeks after the injury, the employer shall furnish reasonable medical, surgical and hospital service and medicines not to exceed $100.00, unless the employee refuses to allow them to be furnished by the employer."

This was amended by the act of 1916, section 4:

> "The employer shall in every case furnish the employee reasonable medical, surgical and hospital service and medicines not to exceed $150.00 in value, unless the employee refuses to allow them to be furnished by the employer."

It will be noticed that the act is entirely between the employer and the employee, and not a contract as between third parties. In this case it is admitted that from the hospital the employee, Harris, went to his home, and his wife summoned Dr. Lucas; that Lucas took charge of the case, rendered treatment, and continued treating the said Harris until the employer, Southern Rice Milling Company, was apprised thereof, whereupon, and with the consent of plaintiff who admitted that Harris required additional medical treatment, the said Harris was placed by said Rice Milling Company under the treatment of its regularly employed surgeon and an orthopedist.

Our Civil Code provides, Article 2278: "Parol evidence shall not be received to prove any promise to pay the debt of a third person."

The Southern Rice Milling Company, having furnished hospital and medical services of its own to Harris, was under no obligation to Dr. Lucas, the plaintiff in this case, to serve him, Lucas, in any manner, without the written consent of the Southern Rice Milling Company. The company knew nothing of the removal from the hospital and never authorized same, and whatever services Dr. Lucas gave to his patient Harris must be paid by the latter; and in no way, under the statutes quoted, or under the Civil Code, can the Southern Rice Milling Company be held responsible for the debt of Harris. He, and he alone, must pay, just as he agreed to do, and the judgment against him of course remains.

■

It is therefore ordered, adjudged and decreed that the judgment of the lower court, insofar as the judgment against Harris is concerned, is affirmed.

It is further ordered, adjudged and decreed that the judgment against the Southern Rice Milling Company is reversed, and that costs be paid by Dr. Lucas.

New Orleans, February  18  1919.